UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | :  19-CR-10286-PJB |
| | : |
| MATTHEW MURPHY, | : |
| Defendant. | : |

SENTENCING MEMORANDUM OF DEFENDANT MATTHEW MURPHY

Matthew Murphy, by and through undersigned counsel, submits this sentencing memorandum in anticipation of his sentencing, currently scheduled for July 26, 2021.

Matthew Murphy has hurt many people; both children and their families - and his own family.  He will be punished severely for his crimes.  Fifteen years in jail is the absolute least amount of incarceration he can receive.  That is a long time.  Given that he started committing these crimes when he was only 17 years old, he will be incarcerated at least for almost as long as his entire life up to that point.

Nothing in this memorandum nor any of the comments that may be made in Court are intended to diminish the pain Matt has caused or to defend his actions.  There is no defense, and he has admitted as much by pleading guilty.  But the pre-sentence report, the letters from his family, and even some of the victim impact statements show that there is a better part of Matthew Murphy than merely the young man who did these awful things.  We urge the Court to remember Matt's better aspects when imposing sentence.  His is a life worth saving.

Matt is obviously a very troubled man – a sick man, in fact.  There is something wrong with him emotionally and/or psychologically that allowed him to commit these crimes.  We ask

the Court to allow him the hope needed to get healthy. As reflected in the in the pre-sentence report and in Dr. Winsman's report (Exhibit A), Matthew had a difficult upbringing. His parents were largely absent emotionally, and he was raised by a combination of his grandparents and his Aunt Jill. He was a lonely child who was bullied in school. He was sexually abused himself when he was young, and was forced to do some of the very things he had his victims re-enact on Snapchat. Again, none of this is a defense, but it provides a window of understanding as to how a person like Matt could come to do what he did. He lacked social skills with peers and invented this twisted world as a substitute.

As Dr. Winsman reports, however, treatment is available, and we ask the Court recommend that Matt be housed at FMC Devens, which has treatment plans in place for offenders such as Matt. We also note that Matt started committing these crimes when he was only 17, an age when his brain was not fully developed.[1] The Supreme Court has repeatedly recognized that crimes committed by teenagers should be treated differently than those committed by adults with matured brains. *See e.g.*, *Miller v. Alabama*, 567 U.S. 460 (2012); *Graham v. Florida*, 560 U.S. 48 (2010); *Roper v. Simmons*, 543 U.S. 551 (2005). In particular, the court has struck down the death penalty and life imprisonment without parole for crimes committed by juveniles because those offenders have a real chance at rehabilitation as their brains mature. Again, Matt Murphy's age is not a defense, but it does point to the possibility of recovery and effective treatment, and a reduced risk of recidivism. While Matt's criminal behavior continued until he was arrested at age 22, his brain was still not fully matured. Moreover, as Dr. Winsman notes, Matt scored high for obsessive compulsiveness. It seems

---

[1] As described in the University of Rochester Health Encyclopedia, the rational part of the brain is not fully formed until age 25. https://www.urmc.rochester.edu/encyclopedia/content.aspx?ContentTypeID=1&ContentID=3051

likely that once the behavior began, Matt felt a compulsion to continue, which compulsion lasted until his arrest.

We note that Matt has completed approximately 33 sessions at Wyatt aimed at coming to terms with what he did. We attach the certificates from those courses (Exhibits B and C). Clearly, we do not claim that Matt is cured as a result, but his completion of those sessions is an indicator that Matt recognizes that he has a problem and is committed to working to fix that problem. Matt has also had a job while at Wyatt and has been commended as someone who "always goes above and beyond." (Exhibit D).

Matt's family is familiar with the pain felt by the victims. As alluded to in the presentence report and in the family letters, Matt's aunt was abused by her grandfather, a Boston police officer, for nine years. The family thus has some understanding what pain Matt has inflicted on his victims. Despite that knowledge, they have stood behind Matt, not because they defend what he did, but because they have seen the good in him and they want him to be treated and become the man they know he can be. We know the Court has fully reviewed the victim impact statements, as it should. We ask that the Court also pay attention to the letters from Matt's family and friends, as they describe in some detail the kind, considerate, generous young man that is also Matt Murphy. (Exhibit E). Matt Murphy is the kind of person who stopped at auto accidents to check on the people, who had to parent his sister (and even his parents), who was solicitous of his relatives. That person needs to be considered as the Court sentences him.

Dr. Winsman describes a young, depressed, socially isolated man with a history of severe anxiety and a traumatic background. He also describes the outlines of a treatment plan for Matt. Given Matt's behavior in prison and his prompt confession to the crimes he committed, we suggest that successful treatment is certainly foreseeable. Matt's confession is worth

considering.  While his family waited upstairs, Matt sat in his basement living room and confessed to the investigating agents.  As his Aunt Jill says in her letter, even when the family tried to obtain counsel for Matt, he continued to waive his rights and proceed with the confession.  As his Aunt Jill further notes in her letter, she has come to realize that Matt needed to unburden himself of the knowledge of what he had done.  That indeed is the first step toward rehabilitation.

We have objected to two aspects of the presentence report: the enhancements for physical contact and for recidivism.  We are aware that the law currently supports both enhancements, but we object for two reasons.  First, neither seems to fit the crime here perfectly.  While Matt had multiple victims, he is not a recidivist as that term is usually understood – he has no prior criminal record.  Moreover, he did not make physical contact with his victims.  While not diminishing what harm he caused, surely a crime involving physical contact between the perpetrator and the victim would be even more serious.  Matt should not be sentenced as if he had made physical contact with his victims.  Second, the law surrounding the sentencing guidelines is constantly changing.  The guidelines used to be mandatory; they are now advisory.  The guidelines for crack cocaine have been revamped dramatically.  The understanding of a "crime of violence" has evolved.  Matt will be in jail for a long time.  It is very possible that the law regarding those enhancements will change while he is incarcerated.  We do not want to forfeit any rights he might have to benefit from those changes.

Matt Murphy committed some very serious crimes.  He is, however, also a polite, considerate, helpful young man who is loved by his family more than he ever realized.  He is committed to getting the treatment he so desperately needs.  He is committed to healing so that when he is released, he is a better person, and no longer a threat to society.  Treatment is

enhanced by hope and optimism, however.  We ask that the Court fashion a sentence that allows Matt the hope that he might have a life after prison.

                                          Respectfully submitted,

                                          /s/ Stephen G. Huggard
                                          Stephen G. Huggard (BBO#622699)
                                          stevehuggard@huggardlaw.com
                                          HUGGARD LAW LLC
                                          470 Atlantic Avenue, 4th Floor
                                          Boston, Massachusetts 02210
                                          (617) 875-2622

July 10, 2021

### Certificate of Service

     I, Stephen G. Huggard, hereby certify that, pursuant to Local Rule 5.2(b)(2), on this 10th day of July 2021, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, and will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing.

                                          /s/Stephen G. Huggard